**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                                                  **NO. 27,796**

**DUANE HADLEY,**

Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Katherine Zinn, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant Duane Hadley challenges the district court's revocation of his probation. Defendant argues that (1) he was denied due process when the district court revoked his probation based, in part, on the hearsay testimony of his probation

officer regarding the contents of a police report and (2) this Court's decision in *State v. Phillips*, 2006-NMCA-001, 138 N.M. 730, 126 P.3d 546, requires the reversal of the district court's order. We conclude that Defendant failed to adequately preserve in the district court the argument that he now makes on appeal and affirm.

**BACKGROUND**

On May 31, 2005, Defendant pleaded guilty to two fourth-degree felonies for contributing to the delinquency of minors. The district court subsequently suspended Defendant's sentence and ordered Defendant to serve three years of probation. The conditions of Defendant's probation included, among other things, (1) "successfully completing any level of supervision and/or treatment program . . . as deemed appropriate by the Probation/Parole Officer," (2) not possessing or consuming alcohol, and (3) not having contact with anyone under the age of eighteen. On December 5, 2006, the State filed a motion to revoke Defendant's probation in the district court. In its motion, the State alleged that Defendant had been a passenger in a car that was stopped by the police in the early hours of one October 2006 morning. The State further alleged that the driver of the car was a fourteen-year-old girl and that Defendant was in possession of a bottle of malt liquor.

On January 18, 2007, the matter came before the district court for a hearing.

The only witness who testified at the hearing was Defendant's probation officer, Patricia Fordyce. Ms. Fordyce first testified that Defendant had arrived at one of his mandatory counseling sessions appearing to be under the influence of alcohol. Defendant objected to that testimony, arguing that it was inadmissible hearsay evidence and that it violated the Confrontation Clause. The district court responded by stating that the Confrontation Clause did not apply to probation revocation hearings and that it was permissible to offer hearsay evidence at such proceedings. Shortly thereafter, the State shifted its focus to the October 2006 incident and requested that the police report pertaining to it be entered into evidence. Defendant then made a "foundation" objection. The district court asked Ms. Fordyce to explain her foundation, and when the State made a second attempt to offer the police report into evidence, Defendant again objected. Defendant protested the fact that there was no testimony offered by the police officer who drafted the police report. In response, the district court again explained that hearsay evidence may be admitted at probation revocation hearings. Ultimately, Defendant and the district court came to an agreement that Ms. Fordyce would be allowed to testify as to what was written in the police report but that the report itself would not be admitted into evidence. The district court then instructed Ms. Fordyce, without further objection by Defendant, to

testify as to what the police officer wrote in the report. Accordingly, Ms. Fordyce testified that the police report included the following statements: (1) on the night in question, a vehicle driven by an intoxicated fourteen-year-old girl, in which Defendant was a passenger, was pulled over by a police officer; (2) after pulling the vehicle over, the police officer observed Defendant in the back seat attempting to hide a bottle of malt liquor from the officer's view; and (3) the officer then identified Defendant as being on probation and subsequently contacted Ms. Fordyce. Next, Ms. Fordyce testified that she then, after the police officer contacted her about the incident, "authorized a probation hold on [Defendant]".

Following the testimony of Ms. Fordyce, Defendant renewed his "Confrontation Clause" objection, stating that, although hearsay was admissible, he still had the right to confront the arresting officer. The district court responded by stating, "I don't think the Confrontation Clause applies in probation revocation hearings." Based on that legal conclusion, the district court overruled the objection, and Defendant did not make any further argument regarding his right to confront witnesses at the hearing. Ultimately, the district court ordered the revocation of Defendant's probation. In so ruling, the district court specifically noted, among other things, that Defendant had violated the terms of his probation agreement by being in

the car with the fourteen-year-old girl, as was stated in the October 2006 police report. Defendant appeals from that order.

**CONSTITUTIONAL RIGHT TO CONFRONT WITNESSES AT PROBATION REVOCATION HEARINGS**

In making his argument that the district court erred in revoking his probation, Defendant principally relies on *Phillips*. In *Phillips*, we considered the revocation of a defendant's probation when "[t]he [s]tate's only witness at the hearing was a probation officer who relied solely upon statements made in unauthenticated documents in her file." *Id*. ¶ 1. Those statements included "an annotation from another probation officer and some documents . . . from Arizona," where the defendant's probation had previously been transferred. *Id*. The probation officer who testified was otherwise unfamiliar with the defendant's case. *Id*. ¶ 4. Over objection, the district court concluded that the documents that included the hearsay statements that were offered as testimony "were relevant and kept in the ordinary course of business" and therefore allowed the probation officer to read the statements into evidence. *Id*. ¶¶ 1, 6. Relying on those hearsay statements, the district court concluded that the defendant had violated his probation. *Id*. ¶ 8. The defendant subsequently appealed to this Court, arguing that, by relying on those statements as the sole basis upon which to revoke his probation, the district court violated "his

confrontation and due process rights." *Id.* ¶¶ 1, 9.

In *Phillips*, we held that, even though the formal rules of evidence do not apply to probation revocation hearings, *id.* ¶ 11, due process requires the actual presence and testimony of the person whose statements form the basis of a revocation of probation, unless the state makes an adequate showing, and the district court makes a specific finding of "good cause" for not calling such person as a witness. *See id.* ¶¶ 12, 16. A showing of "good cause" may include, among other things, a showing regarding the difficulty of securing the presence of a particular witness or a showing regarding the particular indicia of reliability or accuracy of the offered hearsay evidence. *See State v. Guthrie*, 2009-NMCA-___, ¶ 14, ___ N.M. ___, ___ P.3d ___.

**PRESERVATION**

It does not appear from the record before us that the State made a showing of good cause, or that the district court made a specific finding of good cause, as required by *Phillips*. However, the State argues that Defendant did not preserve this argument for appellate review because Defendant conceded that Ms. Fordyce could testify about the content of the police report at issue. "In order to preserve an error for appeal, it is essential that the ground or grounds of the objection or motion be made with sufficient specificity to alert the mind of the trial court to the claimed error or errors,

6

and that a ruling thereon then be invoked." *State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (internal quotation marks and citation omitted). We agree with the State that Defendant did not adequately preserve his argument that the district court erred in allowing Ms. Fordyce to testify about the content of the police report without affording Defendant the ability to confront the police officer who prepared the report.

Defendant objected to the receipt of the police report in evidence, raising the lack of testimony by the police officer who prepared the report. After discussion, Defendant agreed that Ms. Fordyce could testify to the content of the report without the report being in evidence. He did so without further objection. Even though Defendant again raised his objection in closing argument, the testimony had been received in evidence upon Defendant's concession and without objection. With that evidence, the availability of the police officer who prepared the report to testify was no longer significant. Neither the State nor the district court was required to show good cause for the receipt of the evidence.

**CONCLUSION**

The district court did not improperly revoke Defendant's probation. We affirm.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Chief Judge**


_____
**MICHAEL D. BUSTAMANTE, Judge**

8